IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02357-WYD-MEH

CS CAPITAL CORP., d/b/a THE INVOICE BANKERS CORP.,

    Plaintiff,

v.

LOCAL SENIOR SERVICES, and
RANDY KALANI FAHILGA,

    Defendants.

---

**ORDER ON MOTION TO FILE FIRST AMENDED COMPLAINT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Amended Motion to Amend and File First Amended Complaint [filed February 1, 2012; docket #30]. The matter is has been referred to the Court for disposition. (Docket #31.) Based upon a clear right to relief, the Court decides the motion without a response from Defendants.[1] *See* D.C. Colo. LCivR 7.1C. Oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.    Background**

Plaintiff initiated this action in state court on March 3, 2011 alleging breach of contract. (Docket #2.) Based on diversity of citizenship, Defendants removed the case to federal court pursuant to 28 U.S.C. §1332. (Docket #1.) Through the present motion, Plaintiff seeks to amend its complaint by joining ILD Telecommunications, Inc. ("ILD") as a defendant. (Docket #30.) According to the proposed amended complaint, ILD is a Delaware corporation with its principle

---

[1]The Court also notes that one of the defendants, Local Senior Services, is barred from filing a response at this time in light of the fact that it is a corporation not represented by counsel.

place of business in Florida. (Docket #30-1, 1.) Plaintiff filed its first motion for leave to amend on January 31, 2012, the deadline for joinder of parties and amendment of pleadings. (Dockets ## 26, 27.) The Court denied Plaintiff's motion without prejudice for failure to comply with D.C. Colo. LCivR 7.1A [docket #29], and Plaintiff re-filed this amended motion the following day after attempting, unsuccessfully, to confer with Defendants. (Docket #30.)

**II.     Analysis**

A motion seeking leave to amend a complaint is governed by Fed. R. Civ. P. 15. The Court must heed Rule 15's mandate that the Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

The grant or denial of leave to amend is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend may be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

Plaintiff's motion implicates not only Rule 15(a), but also Rule 20(a) which permits joinder of defendants in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In determining whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the

2

parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, at *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Here, section 9.a. of the governing Scheduling Order sets the deadline to file motions for joinder of parties and amendment of pleadings as January 31, 2012. (Docket #26 at 4.) Plaintiff filed its first motion for leave to amend on January 31, 2012; therefore, the Court finds that the instant amended motion is timely and has caused no delay, whether undue or otherwise.

In considering prejudice to Defendants, the Court is mindful of Defendants' *pro se* status and admitted financial hardship as discussed during the Court's adjudication of a motion to withdraw as counsel. (*See* dockets ##19, 22.) However, the Court does not find that the addition of ILD as a defendant would prejudice the existing defendants in any significant way. As described in the proposed amended complaint, Plaintiff's interest in ILD arises from an assignment contract between Defendant Local Senior Services and ILD under which ILD promised to pay all amounts owed to Local Senior Services directly to Plaintiff. (Docket #30-1 at 5.) The fact that Plaintiff now seeks to pursue ILD directly has little, if any, observable effect on Defendants.

Furthermore, considering the *MDM Group* factors in analyzing joinder under Rule 20, the Court finds that the proposed joinder of ILD is appropriate here. In light of the assignment contract between ILD, Defendant Local Senior Services, and Plaintiff, the Court finds there is a sufficiently close relationship among the existing and proposed defendants to provide ILD with notice that it may be subject to suit in the event of dispute between Plaintiff and Local Senior Services. Most

3

importantly, because ILD is a Delaware corporation with its principle place of business in Florida, its presence in this lawsuit would not divest the Court of diversity jurisdiction under 28 U.S.C. § 1332.

**III.	Conclusion**

Accordingly, for the reasons stated above and in the interests of justice, it is hereby ORDERED that Plaintiff's Amended Motion to Amend and File First Amended Complaint [filed February 1, 2012; docket #30] is **granted**. The Clerk of the Court is directed to file Plaintiff's First Amended Complaint, which is attached to Plaintiff's motion as Exhibit 1 [docket #30-1]. Defendants shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 3rd day of February, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge