IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02357-WYD-MEH

CS CAPITAL CORP. d/b/a THE INVOICE BANKERS CORP.,

    Plaintiff,

v.

LOCAL SENIOR SERVICES,
RANDY KALANI FAHILGA, and
ILD CORP. f/k/a ILD Telecommunications, Inc.,

    Defendants.

---

**ORDER TRANSFERRING CASE TO UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

---

THIS MATTER is before the Court on Defendant ILD Telecommunication Inc.'s ("ILD") Motion to Dismiss [DE-36] Plaintiff's, CS Capital corp., d/b/a The Invoice Bankers Corp. ("Plaintiff"), First Amended Complaint [DE-33]. ILD seeks to dismiss the lawsuit for lack of personal jurisdiction and improper venue, or, in the alternative, transfer this action to the Northern District of Georgia. Having reviewed the parties' papers and the applicable law, the Court will grant the motion in part and transfer the matter to the Northern District of Georgia.

**I.    BACKGROUND**

Invoice Bankers originally filed this case in Arapahoe County District Court on March, 2011, against Defendants Local Senior Services ("LSS") and Randy Fahilga.

Invoice Bankers had entered into an agreement (Receivables Purchase Agreement or "RPA") with LSS to purchase certain accounts receivable from LSS. State Compl., ¶5 [DE-2]. Pursuant to paragraph 3 of the RPA, Plaintiff purchased accounts receivable from LSS at a rate of 75% of the value owed to LSS. [DE 50-1 at 5]. The purchase included accounts of ILD. Fahilga executed the RPA as president of LSS and also executed a Guaranty in favor of Invoice Bankers for any payments LSS may owe to Invoice Bankers. *Id.* at ¶7. The state court Complaint alleged that LSS and Fahilga had breached their agreements because the accounts of ILD have not been paid in accordance with the terms of the RPA. *Id.* at ¶¶14-17.

After LSS and Fahilga removed the case to this Court, Invoice Bankers amended the complaint to add ILD as a Defendant. [DE-33]. Invoice Bankers alleged that LSS and ILD entered into a Bill Forwarding and Collections Agreement ("BFCA") on March 3, 2010. *Id.* at ¶21. After Invoice Bankers purchased the accounts receivable of LSS, LSS sent an assignment letter to ILD reflecting that all future payments owed to LSS under the BFCA to Invoice Bankers. Because ILD has not paid anything to date, Invoice Bankers alleged that ILD has breached its obligations under the BFCA and the assignment letter. *Id.* at ¶27.

On May 25, 2012, Invoice Bankers filed a motion for default judgment against LSS and Fahilga. Magistrate Judge Michael E. Hegarty submitted a recommendation that I grant in part that motion [DE-59], which I affirmed and adopted on December 11, 2012 [DE-63]. Accordingly, only the claims against ILD remain pending before me.

In the instant motion, ILD seeks to dismiss the First Amended Complaint for lack

of personal jurisdiction (Rule 12(b)(2)) and improper venue (Rule 12(b)(3)). ILD argues that it has no connection whatsoever to Colorado such that having to defend a lawsuit here would offend traditional notions of fair play and substantial justice. ILD also seeks dismissal for improper venue pursuant to Rule 12(b)(3). ILD maintains that its contract with LSS that gives rise to Invoice Bankers' claims contains a mandatory forum selection clause, which requires all actions to be litigated in the Northern District of Georgia. In the alternative, ILD seeks to transfer the action pursuant to 28 U.S.C. § 1404(a) pursuant to the same mandatory venue clause.

Because I believe that this matter should be transferred pursuant to the Northern District of Georgia, I will not address the remaining arguments advanced in the motion to dismiss.

## II. LEGAL STANDARD

28 U.S.C. 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The party moving to transfer a case under § 1404(a) carries the burden of showing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart*

*Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).[1] The presence of a forum-selection clause is a "significant factor" in the § 1404(a) analysis; however, it "should receive neither dispositive consideration ... nor no consideration." *Stewart Org., Inc.*, 487 U.S. at 29, 32. Mandatory forum-selection clauses, however, are given great weight in § 1404(a) analyses. *See REO Sales, Inc. v. Prudential Ins. Co. of Am.*, 925 F.Supp. 1491, 1493 (D.Colo. 1996) (discussing how forum-selection clauses "will often carry the day when making a section 1404(a) determination.").

### III.   LEGAL ANALYSIS

ILD argues that the mandatory forum selection clause in its contract with LSS requires all disputes to be litigated in Georgia under Georgia law. Def.'s Mot., Ex. 1 [DE 36-1, pp. 10, 14 of 19]. ILD also argues that defending a lawsuit in Colorado would be inconvenient as "neither it, nor of its employees, work, reside or have a presence in Colorado." *Id.* at p. 11. In response, Invoice Bankers argues that its claim against ILD does not "stem" from the BFCA because it is not a party to that agreement. Rather, Invoice Bankers maintains that its claim against ILD is based on the assignment letter, which contains no forum selection clause.

Invoice Bankers' response is both factually and legally incorrect. As a factual matter, the BFCA is the basis for the breach of contract claim in the first Amended

---

[1] Among the factors to be considered are 1) the plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflict of laws; 8) the advantage of having a local court determine questions of local law; and, 9) all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516.

Complaint. Paragraph 27 of that pleading provides as follows:

> ILD has not paid plaintiff Invoice Bankers anything to date, breaching its obligations under the Bill Forwarding and Collections Agreement and Exhibit 6 [assignment letter].

Am. Compl., ¶27. Thus, Invoice Banker's claim against ILD is based on the BFCA, which contains the venue clause. The argument is also legally incorrect because Invoice Bankers is clearly a party to the BFCA by virtue of the purchase and assignment by Invoice Bankers of the ILD accounts. By its express terms, the BFCA could only be assigned if LSS first obtained ILD's written consent. *See* BFCA, Art. 15 [DE 36-1, p. 9 of 19]. The so-called "assignment letter" is not a separate agreement between ILD and LSS, much less Invoice Bankers and ILD, but a letter from LSS seeking ILD's written permission assign LSS's interest under the BFCA to Invoice Bankers. To suggest that this lawsuit is based solely on the "assignment letter" to avoid the impact of a mandatory venue clause is as incorrect as it is absurd.

Invoice Bankers remaining arguments against transfer mostly involve Defendants Fahilga and LSS, who are no longer in this case as a result of the default judgment. *See* Pl.'s Resp., pp. 13-14. The other factors, convenience of the witnesses and parties, cost of making the necessary proof and having the local court determine local issues, etc., all either favor transfer or are a wash. *Chrysler Credit Corp.*, 928 F.2d at 1516. Because I must afford the mandatory venue clause "substantial weight" in this analysis, I exercise my discretion under 28 U.S.C. 1404(a) and transfer this matter to the United States District Court for the Northern District of Georgia. *See REO Sales*, 925 F.Supp. at 1493.

**IV.	CONCLUSION**

Based on the forgoing, it is

ORDERED THAT Defendant ILD Telecommunication Inc.'s ("ILD") Motion to Dismiss [DE-36] is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED to the extent that this matter is hereby transferred pursuant to 28 U.S.C. 1404(a) to the United States District Court for the Northern District of Georgia. The motion is otherwise DENIED. It is

FURTHER ORDERED that this matter is CLOSED.

Dated: December 11, 2012.

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              WILEY Y. DANIEL,
                              CHIEF UNITED STATES DISTRICT JUDGE